## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

**SHAUNTAY PARRISH,**          *

     **Plaintiff,**          *

    **v.**          *          **CIVIL NO. JKB-23-0342**

**EGYPT LEITHMAN, et al.,**          *

    **Defendants.**          *

    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

Plaintiff Shauntay Parrish filed a Complaint against Defendants Egypt Leithman and DCN Holdings, Inc. d/b/a Accounts Receivable ("DCN" or "Accounts Receivable"). (ECF No. 1.) Leithman is proceeding *pro se* and a default has been entered against DCN. Currently pending before the Court is Leithman's Motion to Dismiss based on improper service. (ECF No. 6.)

### I.  *Factual and Procedural Background*

The case arises out of a lease agreement between Parrish and Leithman. Parrish alleges that there were habitability issues with her apartment and that she therefore opened a rent escrow action in the District Court for Baltimore City in August 2021. (*See* ECF No. 1 ¶¶ 6–10.) She explains that she qualified for American Legion rental assistance in October 2021, and that American Legion mistakenly sent $5,000 to Leithman's agent rather than directly to the escrow. (*Id.* ¶ 11.) Eventually, on January 2, 2022, "[t]he Court held [a] hearing and ruled in favor of [Parrish] and ordered the lease terminated with the money in escrow to be returned to Parrish. In the rent escrow case disposition, the Court instructed Leithman to return to Parrish the $5,000 that was sent in error." (*Id.* ¶ 17.) Parrish further alleges that she "was continuously harassed by

Defendant Accounts Receivable with emails and telephone calls with attempts to collect an invalid $5,100." (*Id.* ¶ 19.) In the present case, Parrish brings the following claims: a Fair Debt Collection Practices Act ("FDCPA") claim against DCN; a Maryland Real Property § 8-203(e)(4) and § 8-208.1 claim against Leithman; and Maryland Consumer Debt Collection Act ("MCDCA") and Maryland Consumer Protection Act ("MCPA") claims against both Leithman and DCN. (*Id.* at 21–48.)

On May 12, 2023, this Court issued an Order directing Parrish to show cause why the case should not be dismissed given her failure to effect service within 90 days of filing the Complaint. (ECF No. 3.) In response, Parrish docketed executed summonses for Leithman and for DCN. (ECF No. 4, 5.) The Proof of Service for Leithman indicates that the process server "personally delivered the documents . . . to the party or person authorized to receive service of process for the party" on April 10, 2023. (ECF No. 4.) The Proof of Service for DCN indicates that the documents were mailed by certified mail, restricted delivery to "DCN Holdings Inc. DBA Accounts Receivable" at 7680 Universal Blvd Suite 650, Orlando, FL. (ECF No. 5.)

DCN has not answered the Complaint or otherwise entered its appearance in this matter. Leithman filed a Motion to Dismiss based on improper service, explaining that his sister-in-law was served at an address at which Leithman has never resided by a courier who "did not mention that Egypt Leithman was being served" and did not confirm the identity of the person to "whom he was handing the documents[.]" (ECF No. 6.)

In response, Parrish made various arguments, but also attached an Amended Proof of Service, which indicates that the process server left the documents with "Jane Doe, occupant" and checked the box that indicated that he left the documents with "a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I

2

informed him or her of the general nature of the papers." (ECF No. 9.)  Parrish does not explain

the discrepancy between the Proof of Service and the Amended Proof of Service, other than stating

that: "surprised by Leithman's claim that he was not the person who opened the door on April 10,

2023, the process server, Norman Vilchez, amended his proof of service[.]" (ECF No. 8 at 1.)

## II.    *Service of Leithman*

Fed. R. Civ. P. 4(e) governs the standard for service of process in the federal courts.  As

relevant in this case, it states:

> (e) Serving an Individual Within a Judicial District of the United States. Unless
> federal law provides otherwise, an individual--other than a minor, an incompetent
> person, or a person whose waiver has been filed--may be served in a judicial district
> of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of
> general jurisdiction in the state where the district court is located or where
> service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual
>> personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode
>> with someone of suitable age and discretion who resides there[.]

Maryland and California (the state where service is to be made for Leithman) both permit for

service to be effected by leaving a copy of the summons, complaint, and other papers at the

individual's house or usual place of abode with a resident of that house.  *See* Cal. Civ. Proc. Code

§ 415.20(b); Md. Rule 2-121(a).  The burden is on Parrish to establish sufficient service.  *See*

*GlaxoSmithKline, LLC v. Brooks*, Civ. No. 22-00364-PWG, 2022 WL 1443735, at *6 (D. Md.

May 6, 2022).

Parrish explains that a process server's affidavit "constitutes prima facie evidence of valid

service of process." (ECF No. 8 at 5.)  However, as noted above, Parrish explains that: "surprised

by Leithman's claim that he was not the person who opened the door on April 10, 2023, the process

server, Norman Vilchez, amended his proof of service[.]" (ECF No. 8 at 1.) It is concerning that the process server apparently believed that he had initially served Leithman but then amended the proof of service to indicate that "Jane Doe" had been served. This is particularly confounding, given Leithman's contention in his Motion that "[his] sister-in-law is a Caucasian female and [Leithman] is a Black male[.]" (ECF No. 6.) This, at a minimum, suggests some irregularity with respect to service of process. Further, Leithman explains that he does not live, nor has he ever lived, at the address in question.

However, the Court will not dismiss this action on this basis, and will permit Leithman to properly serve Parrish with process. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (finding that a case should not be dismissed based on improper service and that plaintiffs should be given a "reasonable opportunity to attempt to effect valid service of process on the defendant"). The Court will therefore quash the service of process and give Parrish the opportunity to effect service on Leithman.

Given Leithman's *pro se* status and the fact that he has filed correspondence seeking clarification regarding this matter, he is reminded that he must file an answer 21 days after he is properly served with the Complaint. *See* Fed. R. Civ. P. 21(a)(1)(A). To the extent he wishes to raise any of the following defenses, he must do so prior to filing an answer: (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19. *See* Fed. R. Civ. P 21(b).

### III.    *Service of DCN Holdings, Inc. d/b/a/ Accounts Receivable*

Further, it does not appear that Parrish properly served DCN. A search of the Florida Division of Corporations website indicates that the address for DCN Holdings, Inc. is 7021 Grand

National Dr. Suite 109, Orlando, FL 32819.  However, Parrish mailed the summons and complaint

to 7680 Universal Blvd. Suite 650, Orlando, FL 32819.  (ECF No. 5-1.)  Accordingly, Parrish will

be directed to show cause why service to DCN should not be quashed.

### IV.    *Conclusion*

Accordingly, it is ORDERED that:

1. Leithman's Motion to Dismiss (ECF No. 6) is DENIED;

2. Service upon Leithman is QUASHED and Parrish is DIRECTED to effect service

   upon Leithman within 30 days;

3. Parrish is DIRECTED to show cause why her service upon DCN should not be

   quashed by November 10, 2023.

DATED this _____ day of October, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

5