## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**SHAUNTAY PARRISH,**                              *

    **Plaintiff,**                              *

    **v.**                                      *

                                           **CIVIL NO. JKB-23-0342**

**EGYPT LEITHMAN, *et al.*,**                      *

    **Defendants.**                             *

   *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM

Plaintiff Shauntay Parrish filed a Complaint against Defendants Egypt Leithman and DCN Holdings, Inc. d/b/a Accounts Receivable ("DCN"). (Compl., ECF No. 1.) Leithman proceeds *pro se* and a default has been entered against DCN. Pending before the Court are Leithman's Motion to Dismiss (ECF No. 19) and Parrish's Motion for Default Judgment against DCN (ECF No. 33). Leithman's Motion to Dismiss will be granted. Parrish's Motion for Default Judgment will also be granted, and she will be directed to provide briefing regarding any relief she seeks.

### I.    *Background*

#### A.  *Factual Background*

The case arises out of a lease agreement between Parrish and Leithman. Parrish alleges that there were habitability issues with her apartment and that she therefore opened a rent escrow action in the District Court for Baltimore City in August 2021. (Compl. ¶¶ 6–10.) She explains that she qualified for rental assistance through American Legion in October 2021, and that American Legion mistakenly sent $5,000 to Leithman's agent rather than directly to the escrow. (*Id.* ¶ 11.) She also explains that on October 4, 2021, "the District Court for Baltimore City opened

an escrow case and allowed Parrish to pay September's rent into the court escrow." (*Id.* ¶ 12.) On

October 7, 2021, Leithman filed a "baseless tenant holding over complaint . . . in retaliation [for]

Parrish's successful court escrow case." (*Id.* ¶ 13.) On January 2, 2022, "[t]he Court held [a]

hearing and ruled in favor of [Parrish] and ordered the lease terminated with the money in escrow

to be returned to Parrish. In the rent escrow case disposition, the Court instructed Leithman to

return to Parrish the $5,000 that was sent in error." (*Id.* ¶ 17.) Parrish alleges that after she left

the property, she "was continuously harassed by Defendant [DCN] with emails and telephone calls

with attempts to collect an invalid $5,100." (*Id.* ¶ 19.) She also alleges that Leithman filed a

"frivolous 'Failure to Pay Rent' action against Parrish in the District Court for Baltimore City,

where Leithman attempted to obtain a judgment against Parrish for three months of rent that were

addressed in Parrish's successful rent escrow action. Leithman's frivolous Failure to Pay Rent

case was dismissed by the Court." (*Id.* ¶ 20.)

Based on the foregoing allegations, Parrish brings several claims against Leithman and

DCN, including violations of the Maryland Consumer Debt Collection Act ("MCDCA"); the

Maryland Consumer Protection Act ("MCPA"); Md. Code Ann., Real Prop. § 8-203(e)(4); Md.

Code Ann., Real Prop. § 8-208.1(a)(2); and the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. § 1692 *et seq.*

## II.    *Leithman's Motion to Dismiss*

Leithman has filed a Motion to Dismiss based in part on Parrish's insufficient service of

process. (ECF No. 19.) For the reasons discussed below, the Court will grant Leithman's Motion.

### A.  *Procedural Background*

The Court begins with the procedural background in this matter relating to service of

process upon Leithman. The Proof of Service initially filed by Parrish indicates that the process

2

server "personally delivered the documents . . . to the party or person authorized to receive service of process for the party" on April 10, 2023 at an address in Riverside, California. (ECF No. 4.) The process server checked the box that indicated that they had served Leithman "by personal service." (*Id.*) Leithman filed a Motion to Dismiss based on improper service, explaining that his sister-in-law was served at an address at which he had never resided by a courier who "did not mention that Egypt Leithman was being served" and who did not confirm the identity of the person to "whom he was handing the documents[.]" (ECF No. 6.) In response, Parrish provided an Amended Proof of Service, which indicated that the process server had not served Leithman personally on April 10, 2023 at the address in Riverside, but rather had served Leithman "by substituted service." (ECF No. 9.) It further indicated that the process server left the documents with "Jane Doe, occupant (white female, brown hair and eyes, 5'2, 135 lbs)" and checked the box that indicated that the documents were left with "a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party." (*Id.*)

Parrish did not explain the discrepancy between the Proof of Service and the Amended Proof of Service, other than stating that: "surprised by Leithman's claim that he was not the person who opened the door on April 10, 2023, the process server . . . amended his proof of service[.]" (ECF No. 8 at 1.) These irregularities and lack of explanation for them concerned the Court, particularly given that the process server did not seem to have re-served any documents, but rather simply edited to proof of service. As the Court explained:

> It is concerning that the process server apparently believed that he had initially served Leithman but then amended the proof of service to indicate that "Jane Doe" had been served. This is particularly confounding, given Leithman's contention in his Motion that "[his] sister-in-law is a Caucasian female and [Leithman] is a Black male[.]" (ECF No. 6.) This, at a minimum, suggests some irregularity with respect to service of process. Further, Leithman explains that he does not live, nor has he ever lived, at the address in question.

(ECF No. 16 at 4.) Rather than dismiss the Complaint, the Court permitted Parrish another opportunity to properly serve Leithman. (*Id.*)

Leithman then filed the currently pending Motion to Dismiss on January 1, 2024. (ECF No. 19.) In it, he argues that the Complaint should be dismissed because he had yet to be served despite the Court's Order quashing service and directing Parrish to serve Leithman. (*Id.* at 2–3 (explaining that "[t]here is no indication Plaintiff tried or succeeded" to serve Leithman).) He also challenged this Court's subject matter jurisdiction and argued that Parrish failed to state a claim. (*Id.* at 3–8.)

On January 5, 2024, Parrish filed an updated executed summons. (ECF No. 23.) It reflected that summons had apparently been served on November 15, 2023 (and therefore before Leithman's instant Motion to Dismiss). (*Id.*) Parrish does not explain why she was delinquent in filing this proof of service with the Court. The Proof of Service reflects that the summons had been served at the same address in Riverside, and that the documents were left with "Jane Doe" who is described as "Caucasian, Female 65+, Brown Hair, Brown Eyes, 5'2", 135+ Lbs" and "MOTHER." (*Id.*) The document also indicates that the process server has attached a "declaration of diligence stating actions taken to attempt personal service." (*Id.*) No such declaration is attached. (*See generally id.*) Parrish also filed a Response in Opposition to Leithman's Motion to Dismiss. (ECF No. 25.)

### *B. Legal Standard*

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to file a motion to dismiss for insufficient service of process. "The plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed pursuant to Fed. R. Civ. P. 12(b)(5)." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016). Rule

4(e) provides that, to serve an individual within a judicial district of the United States, the plaintiff may, *inter alia*, "leav[e] a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."[1]  Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

### C. Analysis

As an initial matter, Leithman clearly has actual notice of the action pending against him, given that he has filed various correspondence and motions with the Court, although it is not clear whether he ever received the documents that were served in November 2023.  And, "[g]enerally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).  However, this liberal construction does not give the Court license to permit a plaintiff to totally disregard the requirements of Rule 4.  *See Armco*, 733 F.2d at 1089 ("But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.").  To conclude otherwise would render Rule 12(b)(5) a nullity.

---

[1] Rule 4 also permits a plaintiff to serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  The requirements in California, the state in which Leithman apparently resides, are more onerous than those provided under Rule 4.  *See* Cal. Civ. Proc. Code § 415.20.  The Court therefore examines whether Parrish has complied with Rule 4.

5

As discussed above, Leithman has challenged the service of process in this case, and has explained that he does not reside at and has never resided at the address at which he was served. This caused the Court previously to quash the service process and to direct Parrish to effect service upon Leithman. Parrish then failed to docket any updated executed summons, and Leithman filed the pending Motion to Dismiss, contending that Parrish had yet to effect service upon him. Parrish then docketed an updated executed summons, which reflected that she served a Jane Doe at the address in Riverside, California prior to Leithman's filing of the Motion to Dismiss.

The burden is on Parrish to show that service of process was sufficient. She has failed to do so. She makes conclusory statements that Leithman is evading service, and explains that "[a]fter skip-tracing Mr. Leithman to find an updated address, Plaintiff's process server served Leithman at his home by sub-serving a 'Jane Doe' believed to be his mother." (ECF No. 25 at 4.) It is not clear what the results of this "skip-tracing" were, whether the address at which the summons was served was the address identified through this skip-tracing, or whether the process-server was unable to identify an updated address and therefore served the same address as previously served. It is not clear why Parrish believes the Jane Doe to be Leithman's mother. Further, she provides no affidavits or other proof relating to efforts to serve Leithman, other than the executed summons itself, which is very similar to the one that the Court previously quashed. This is insufficient to carry her burden and is a far cry from cases wherein courts have found sufficient service of process. *See, e.g.*, *Lobato v. Herndon*, Civ. No. GJH-15-2978, 2017 WL 1185202, at *4 (D. Md. Mar. 29, 2017) (finding proper service of process where service was effected on a college student at his parent's address, where "Plaintiff provide[d] [] evidence and documentation that [defendant] regularly uses the Turnberry Circle address to send and receive mailings, and that he lists the Turnberry Circle address on college tuition statements").

6

Parrish's citations to *GlaxoSmithKline, LLC v. Brooks*, Civ. No. PWG-22-00364, 2022 WL 1443735 (D. Md. May 6, 2022) do not convince the Court otherwise. She cites that case for the proposition that "Leithman's bare assertions are insufficient to refute the affidavits signed by the process server in this matter." (ECF No. 25 at 2.) However, in that case, the process server's affidavit explained that the documents had been served "upon [the defendant], by subserving, Mr. Wilson, Housemate, *who acknowledged that they both live at this address*." *GlaxoSmithKline*, 2022 WL 1443735 at *5 (emphasis added). There is no such acknowledgment here from the "Jane Doe" that was served.

The Court has already permitted Parrish an opportunity to properly effect service, and will not do so again. Further, Parrish has had ample time to effect proper service on Leithman, or to show good cause for an extension of time in which to do so. The Court will grant Leithman's Motion to Dismiss and will dismiss the claims against Leithman without prejudice. *See, e.g.*, *Crawford v. Holman*, Civ. No. 7:20-000488, 2021 WL 4453620, at *5 (W.D. Va. Sept. 29, 2021) (dismissing a complaint for failure to effect service despite the liberal construction of Rule 4 when a defendant has actual notice and despite the liberal construction permitted to pro se plaintiffs where the defendant asserted that she had not resided at the address at which she was served for over two years); *Clifton-Carter v. Clinical Lab'y Servs. Inc. of Ga.*, Civ. No. 21-258-D, 2022 WL 5101658, at *3 (E.D.N.C. Oct. 4, 2022) (dismissing a complaint where the summons were issued as to a business address and "[n]o individual was personally served at their dwelling or usual place of abode").

Because the Court finds that the case should be dismissed for Parrish's failure to effect service, the Court will consider only that argument, and not Leithman's arguments pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or Rule 12(b)(6) for failure to state a claim.

7

### *III.   Parrish's Motion for Default Judgment*

#### *A. Service of Process*

The Court first pauses to address Parrish's service upon DCN. Parrish filed an executed summons with respect to DCN, reflecting that the documents had been sent by certified mail, restricted delivery and had been signed for. (ECF No. 5.) The Court directed Parrish to show cause why service upon DCN should not be quashed because it appeared that the entity was located at a different address than that where it had been served. (ECF No. 16 at 4–5.) Parrish explained that she had served DCN at its then-current address, but that it appeared that, in the intervening time, it had moved. (ECF No. 17.) The Court did not quash the original service, and observed that it "appreciate[d] that Parrish apparently served DCN at the correct address" but directed her to serve DCN at its new address, given the preference to resolve cases on the merits. (ECF No. 18.) Since then, Parrish appears to have attempted service at the updated address but has been unsuccessful. (*See, e.g.*, ECF No. 24.) Because the Court never quashed the initial service of process, but only directed Parrish to serve DCN at its new address in an effort to resolve this case on its merits, the Court will consider DCN to have been properly served.

#### *B. Legal Standard*

Having found that Parrish adequately served DCN, the Court turns to the Motion for Default Judgment. After entry of default under Rule 55(a), a party may move for default judgment. Fed. R. Civ. P. 55(b)(2). Here, a default has been entered against DCN. (ECF Nos. 13, 15.) Entry of default against a defendant does not alone entitle a plaintiff to judgment as of right:

> "The defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . [but] is not held . . . to admit conclusions of law. In short, . . . a default is not treated as an absolute confession by the defendant of [its] liability and of the plaintiff's right to recover." The court must . . . determine whether the [conceded facts] support the relief sought in [the] action.

*Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), to determine whether allegations within the complaint are 'well-pleaded.'" *Vasquez-Padilla v. Medco Props., LLC*, Civ. No. PX 16-3740, 2017 WL 4747063, at *2 (D. Md. Oct. 20, 2017) (collecting cases). "Where a complaint offers only 'labels and conclusions' or 'naked assertion[s] devoid of further factual enhancement,' the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied." *Id.* (quoting *Iqbal*, 556 U.S. at 678 (alterations in original)).

### C. Analysis

Despite bringing various counts against DCN—violations of the MCDCA, MCPA, and FDCPA—Parrish moves for Default Judgment only with respect to the FDCPA claim. (*See* ECF No. 33 at 2 ("In summary, the Plaintiff alleged that DCN violated the FDCPA by attempting to collect a debt that the Plaintiff did not and does not owe."); *see also id.* at 3 (raising arguments relating to damages only under the FDCPA).) The Court therefore examines only that claim.

Parrish alleges that "Defendant [DCN] is attempting to collect a debt that has no basis in contract or law from Plaintiff. Even after a Court declared that Plaintiff owed no more rent, and the lease was terminated, Defendant [DCN] attempted to collect debt based on the terminated lease." (Compl. ¶ 44.) Parrish alleges that, by so doing, DCN violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of [] the character, amount, or legal status of any debt."

"To state a successful claim pursuant to the FDCPA, the plaintiff must show that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is

9

a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Price-Richardson v. DCN Holdings, Inc.*, Civ. No. MJG-17-2038, 2018 WL 902167, at *3 (D. Md. Feb. 15, 2018).

The Court finds that Parrish has sufficiently stated such a claim. Parrish has alleged that DCN has attempted to collect a debt. (*See* Compl. ¶ 19 ("Parrish was continuously harassed by Defendant [DCN] with emails and telephone calls with attempts to collect an invalid $5,100.").) She further alleged that DCN is a debt collector, as defined by the FDCPA. (*Id.* ¶ 43.) In addition, she has alleged that DCN has attempted to collect a debt that she does not owe, an act that is prohibited by the FDCPA. *See Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 395 (4th Cir. 2014) (finding that a debt collector's letter stating that the plaintiff's account had not been satisfied, when it had been paid in full, misrepresented the character or legal status of her debt in violation of 15 U.S.C. § 1692e(2)(A)). Accordingly, the Court will grant Parrish's request for default judgment against DCN as to Count Five of her Complaint and will direct her to provide briefing regarding her damages and any other relief she seeks.

## *IV.    Conclusion*

For the foregoing reasons, Leithman's Motion to Dismiss (ECF No. 19) will be granted and the claims against him will be dismissed. Parrish's Motion for Default Judgment (ECF No. 33) will be granted. Parrish will be directed to file additional briefing providing an accounting of her damages and any other relief she seeks, with citation to authority.

DATED this _15_ day of April, 2024.

BY THE COURT:

James K. Bredar
Chief Judge

11