IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **SHAUNTAY PARRISH,** | * | |
| Plaintiff, | * | |
| v. | * | |
| **EGYPT LEITHMAN,** *et al.*, | * | **CIVIL NO. JKB-23-0342** |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

The Court previously granted Plaintiff Shauntay Parrish's Motion for Default Judgment against Defendant DCN Holdings, Inc. ("DCN"), and directed her to provide briefing, with citation to authority, regarding any damages and other relief she seeks against DCN. (ECF No. 37.) Parrish has now submitted the requested briefing,[1] and the Court concludes that the appropriate damages in this case total $3,500.

### *I.  Background*

The factual background of this case is more fully laid out in the Court's Memorandum and Order granting Parrish's Motion for Default Judgment against DCN. (*See generally* ECF No. 36.) In short, the matter arises out of a lease agreement between Parrish and Egypt Leithman, and Parrish alleged that Leithman improperly sought rent from her, and that, after she left the property, she was harassed by DCN, a debt collector, with attempts to collect $5,100 that she did not owe.

---

[1] Parrish submitted apparently identical documents to the Court, and it is not clear why. (*Compare* ECF Nos. 39-1 and 39-2 *with* ECF Nos. 40 and 40-1.) The later-filed documents were also filed as a Motion for reasons that are also not clear to the Court. The Motion is styled as one for default judgment against DCN, but the Court has already granted Parrish's request for default judgment. Therefore, the Court will disregard these later-filed documents, and will also deny the pending Motion as moot.

(*Id.* at 1–2.) Leithman was named as a Defendant but was dismissed from this case due to Parrish's repeated failure to properly serve him. (*Id.* at 2–8.)

The Court granted Parrish's Motion for Default Judgment as to her Fair Debt Collection Practices Act ("FDCPA") claim against DCN. (*Id.* at 8–10.) The Court directed Parrish to file additional briefing providing an accounting of her damages and any other relief she seeks, with citation to authority. (*Id.* at 10.)

## II.   Legal Standard

In considering a motion for default judgment, the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations "support the relief sought in this action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Once "the court finds that liability is established, it must then turn to the determination of damages." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (citing *Ryan*, 253 at 780–81). "The court must make an independent determination regarding damages and cannot accept as true factual allegations of damages." *Id.* "An allegation 'relating to the amount of damages' is not deemed admitted based on a defendant's failure to deny in a required responsive pleading." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794 (D. Md. 2010) (quoting Fed. R. Civ. P. 8(b)(6)).

Further, the court may conduct an evidentiary hearing to determine damages, but it is not required to do so. *Int'l Painters*, 919 F. Supp. 2d at 684. Instead, the court can "rely [] on affidavits or documentary evidence in the record to determine the appropriate sum." *Id.* The party seeking default judgment bears the burden of establishing entitlement to recovery. *See United States v. Nazarian*, Civ. No. DKC 10-2962, 2012 WL 2045944, at *3 (D. Md. June 5, 2012).

2

## III. Analysis

The FDCPA provides that a debt collector may be liable for "any actual damage" and statutory damages up to $1,000. 15 U.S.C. § 1692k(a). Actual damages may include emotional distress damages. *See Best v. Fed. Nat'l Mortg. Ass'n*, 450 F. Supp. 3d 606, 634 (D. Md. 2020). Parrish seeks $1,000 in statutory damages and $10,000 in emotional distress damages. (ECF No. 39.) The Court will enter judgment against DCN in favor of Parrish for $3,500, $500 in statutory damages and $3,000 in emotional distress damages.

### A. Statutory Damages

Parrish seeks $1,000 in statutory damages, the maximum amount permitted by statute. In assessing the appropriate measure of statutory damages pursuant to the FDCPA, "the court shall consider, among other relevant factors . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). "The maximum statutory damages award is only assessed in cases where there have been repetitive, egregious FDCPA violations and even in such cases, the statutory awards are often less than $1,000." *Braden v. JH Portfolio Debt Equities, LLC*, Civ. No. DKC 19-1179, 2019 WL 6895544, at *3 (D. Md. Dec. 18, 2019) (citation and quotations omitted).

In her affidavit, Parrish explains that she received "daily calls and a few emails advising that [she] needed to pay the collection agency" and that, despite advising DCN that she did not owe the money, "[t]he calls never stopped even after [she] stopped answering" and she "was flooded with voicemails." (ECF No. 39-2.) She does not specify the span of time over which these calls occurred. (*See id.*) The Court finds that some amount of statutory damages is warranted due to the apparent frequency and persistence of the calls. However, the Court finds the remaining two factors, the nature and intentionality of the noncompliance, do not support the maximum $1,000 award. First, the noncompliance came in the form of calls and emails, and there is no

3

indication that these communications were threatening or hostile. Second, other than a conclusory statement that "DCN attempt[ed] to collect a debt that it knew that the Plaintiffs [sic] did not owe," (ECF No. 39-1 at 2), there is no evidence in the record of any intentionality on the part of DCN.[2]

The Court finds that the appropriate measure of statutory damages is $500. The Court finds this appropriate in light of DCN's behavior and the statutory damages awarded in other cases in this District. *See, e.g., Braden v. JH Portfolio Debt Equities, LLC*, Civ. No. DKC-19-1179, 2019 WL 6895544, at *3 (D. Md. Dec. 18, 2019) (awarding $50 where plaintiff alleged "only one violation of the FDCPA in which she received a brief letter from [d]efendant" and where plaintiff "d[id] not allege that the violation was intentional or that [d]efendant acted in a threatening or aggressive manner"); *Williams v. Midwest Recovery Sys., LLC*, Civ. No. SAG-20-204, 2021 WL 2401287, at *3 (D. Md. June 11, 2021) (awarding $100 in statutory damages where the collection efforts were not frequent or persistent and where there was no "specific threat"); *Liversage v. Nationwide Debt Mgmt. Sols., LLC*, Civ. No. ELH-15-1266, 2016 WL 106301, at *4 (D. Md. Jan. 11, 2016) (awarding $200 in statutory damages where "the conduct in question is alleged to have occurred only on a single date, with no other aggravating factual allegations"); *Thomas v. Smith, Dean & Assocs., Inc.*, Civ. No. ELH-10-CV-3441, 2011 WL 2730787, at *3 (D. Md. July 12, 2011) (awarding $500 in statutory damages where the defendant threatened imprisonment, contacted the plaintiff's employer, and called the plaintiff twice); *Wilson v. Turner*, Civ. No. ELH-13-3497, 2016 WL 825694, at *6 (D. Md. Mar. 3, 2016) (awarding $500 in statutory damages where the "wrongful and offensive conduct persisted for approximately one week" and where that conduct included "threaten[ing] to instruct the sheriff's department" to place the plaintiff in

---

[2] Apparently as proof that DCN acted intentionally, Parrish explains that DCN "continue[s] to ignore the summons and directives of this Court" and points to two other cases in which DCN defaulted. (ECF No. 39-1 at 2.) However, that circumstance has no bearing on the appropriate measure of statutory damages. The purpose of the statutory damages provided in the FDCPA is not to punish a defendant for defaulting. Further, that a defendant defaulted in this or any other case does not speak to the intentionality of any FDCPA violation.

prison); *Johnson v. Weinstein, Weinburg, & Fox, LLC*, Civ. No. ELH-15-2013, 2016 WL 3729398, at *2 (D. Md. July 13, 2016) (awarding $750 in statutory damages where the defendant contacted the plaintiff two to four times a day for eight days and, *inter alia*, threatened to bring fraud charges against the plaintiff).

### B. *Emotional Distress Damages*

In her Affidavit, Parrish explains that she "suffered emotional distress damages that were exacerbating the emotional distress previously caused by Egypt Leithman" and that she "suffered from extreme stress and anxiety that resulted in loss of sleep." (ECF No. 39-2 at 2.) She explains that her "previously diagnosed PTSD made the stress of the debt collection, and [the] prospect of losing another $5,100 that [she] could not afford to lose, very hard to deal with." (*Id.*)

The Fourth Circuit has explained that:

> Our previous cases establish the type of evidence required to support an award for emotional damages. We have warned that not only is emotional distress fraught with vagueness and speculation, it is easily susceptible to fictitious and trivial claims. For this reason, although specifically recognizing that a plaintiff's testimony can provide sufficient evidence to support an emotional distress award, we have required a plaintiff to reasonably and sufficiently explain the circumstances of the injury and not resort to mere conclusory statements. Thus, we have distinguished between plaintiff testimony that amounts only to conclusory statements and plaintiff testimony that sufficiently articulates true demonstrable emotional distress.
>
> In *Knussman v. Maryland*, 272 F.3d 625 (4th Cir.2001), we summarized the factors properly considered in determinating the potential excessiveness of an award for emotional distress. They include the factual context in which the emotional distress arose; evidence corroborating the testimony of the plaintiff; the nexus between the conduct of the defendant and the emotional distress; the degree of such mental distress; mitigating circumstances, if any; physical injuries suffered due to the emotional distress; medical attention resulting from the emotional duress; psychiatric or psychological treatment; and the loss of income, if any.

*Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007) (citations, quotations, and alterations omitted).

The Court will examine each of the factors outlined above. The Court appreciates that the alleged emotional distress arose in the context of apparently unrelenting phone calls and it appears that there is a nexus between DCN's conduct and Parrish's emotional distress, although this is tempered by the fact that Leithman apparently also caused some of her distress. With respect to the degree of distress, while her experience was undoubtedly unpleasant, Parrish's Affidavit does not evince the severe emotional distress that would warrant a high dollar award. Further, there is nothing in the record to corroborate her Affidavit, no evidence of medical attention, and no evidence of psychiatric or psychological treatment. There is likewise no evidence of the loss of income. The Court is unaware of any mitigating circumstances.

Given the record in this case, the Court cannot award Parrish the $10,000 she seeks. In consideration of the factors above and of other cases awarding emotional distress damages in FDCPA cases, the Court determines that $3,000 is an appropriate award. *See Thomas*, 2011 WL 2730787, at *4 (explaining that "[p]laintiff's case is much closer to the heartland of FDCPA cases involving allegations of emotional distress with no mental health treatment, which result in significantly lower, if any, awards for actual damages" and ultimately awarding $1,500 in emotional distress damages); *Wilson*, 2016 WL 825694, at *6 (awarding $1,500 in emotional distress damages given that plaintiff's "inability to pay the alleged debt, coupled with his fear of returning to prison and being forced to leave his family, caused [him] significant stress for approximately one week"); *Johnson*, 2016 WL 3729398, at *5 (awarding plaintiff $3,500 in emotional distress damages given the anxiety caused by defendants' threats of incarceration and loss of employment and the "embarrassment caused by defendants' harassing calls to plaintiff's mother, father, and friends").

## IV. Conclusion

For the foregoing reasons, the Court will enter judgment against DCN in favor of Parrish for $3,500. The Clerk will be directed to close this case.

DATED this 6 day of May, 2024.

BY THE COURT:

James K. Bredar
United States District Judge